# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:17-cv-08006-R-KES            Date: December 28, 2017

Title: JULIAN R. CHACON v. PEOPLE OF THE STATE OF CALIFORNIA

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):      Order To Show Cause Why Petition Should Not Be Dismissed As Untimely (Dkt. 1); Denying Motion for Appointment of Counsel Without Prejudice (Dkt. 2)

## I. INTRODUCTION.

On or about September 11, 2017, Petitioner Julian R. Chacon ("Petitioner") constructively filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1.)[1] He concurrently filed (1) a request to proceed in forma pauperis (Dkt. 1 at 53-57); and (2) a motion for the appointment of counsel. (Dkt. 2.) Petitioner purports to challenge a 1994 Los Angeles County Superior Court conviction for sexual offenses. (Dkt. 1 at 2.) The Court has screened the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"), and concludes that the Petition suffers deficiencies summarized below. Petitioner is therefore ordered to show cause why this action should not be dismissed as untimely by filing a written response *on or before January 31, 2018*.

---

[1] Petitioner declares that he gave the Petition to prison officials for mailing on September 11, 2017 (Dkt. 1 at 52), but it was not docketed until November 2, 2017. (Dkt. 1.) It appears that a prison official certified Petitioner's in forma pauperis application on October 27, 2017, suggesting that some delay occurred prior to mailing. (Dkt. 1 at 54.)

## II. FACTUAL BACKGROUND.

### A. **Conviction and Direct Appeal.**

In 1994, a jury in Los Angeles County Superior Court convicted Petitioner of crimes under California Penal Code §§ 264.1 (forcible rape while acting in concert); 288a(d) (forcible oral copulation while acting in concert); and 286(d) (forcible sodomy while acting in concert). (Dkt. 1 at 2; see also People v. Chacon, Case No. B083754, at 2 (Cal. Ct. App. 1996).) The conviction arose from a series of sexual attacks on two victims, Erika C. and Karla S., on the night of February 8, 1991. Chacon, Case No. B083754, at 2. The jury also found true allegations that Petitioner used a firearm in the commission of the sexual offenses (California Penal Code § 12022.3(a)), and was armed during the commission of the offenses (California Penal Code § 12022(a)(1)). (Dkt. 1 at 2; Chacon, Case No. B083754, at 2.) The trial court sentenced Petitioner to 226 years. (Dkt. 1 at 2.) He is currently confined at the California Correctional Institution in Tehachapi, California. (Id.)

Following his conviction, Petitioner appealed. See Chacon, Case No. B083754. On direct appeal, and assisted by counsel, he raised the following arguments: (1) the trial court's failure to compel the prosecutor to elect which acts formed the basis for each charged offense constituted prejudicial error; (2) there was no evidence to support the jury's conclusion that Petitioner personally participated in certain acts by co-defendants; (3) the trial court erred in refusing to give instructions regarding specific intent for sexual acts "in concert" as an aider and abettor; and (4) insufficient evidence existed to establish that rapes "in concert" were accomplished by force or violence. Id. at 13-28.

On May 9, 1996, the California Court of Appeal affirmed the judgment against Petitioner. (Dkt. 1 at 3-4; Chacon, Case No. B083754.) It rejected each of his claims of error, except for Petitioner's argument concerning the trial court's instructions regarding "in concert" sexual offenses. Id. at 23. Although the Court of Appeal determined that the trial court had erred in refusing to instruct the jury that specific intent was necessary to prove such offenses, it concluded that error was harmless. Id.

On August 14, 1996, the California Supreme Court denied Petitioner's petition for direct review. (Dkt. 1 at 5; People v. Chacon, Case No. S054243 (Cal. 1996).)

### B. **1997 State Habeas Petitions.**

Although not referenced in the Petition, it appears based on filings in Petitioner's earlier federal matters that, following his direct appeal, he commenced a series of state court habeas filings in 1997. These included (1) a March 20, 1997 habeas petition filed in the Los Angeles County Superior Court and denied on March 24, 1997; (2) an April 17, 1997 habeas petition filed with the California Court of Appeal and denied on May 2, 1997; and (3) a May 19, 1997 habeas petition filed with the California Supreme Court and denied on August 27, 1997, alleging that Petitioner

had received ineffective assistance of counsel. See Chacon v. Lindsey, Case No. 2:97-cv-08828-R-AN (C.D. Cal. 1997), Dkt. 12 [Respondent's Return], at 6 (citing In re Chacon, Case No. BA036027 (Los Angeles County Superior Court Mar. 24, 1997); In re Chacon, Case No. B111244 (Cal. Ct. App. May 2, 1997); In re Chacon, Case No. S061427 (Cal. Aug. 27, 1997)). Justice Stanley Mosk dissented from the California Supreme Court's August 1997 denial, indicating that he believed an order to show cause should issue. In re Chacon, Case No. S061427.

## C. Prior Federal Habeas Petitions.

### 1. 1997 Federal Petition.

On or about December 1, 1997, Petitioner, proceeding pro se, filed his first federal habeas petition (the "1997 Federal Petition") in the Central District of California. Chacon, Case No. 2:97-cv-08828-R-AN. On or about February 24, 1998, he sought leave to amend that petition to add unexhausted claims. Id., Dkt. 8. That request was denied on March 3, 1998. Id., Dkt. 9. On March 6, 1998, respondent Gary Lindsey filed a return. Id., Dkt. 12. On or about that same day, Petitioner filed a document withdrawing the 1997 Federal Petition on the grounds that his request to amend and stay that petition had been denied. Id., Dkt. 14; see id., Dkt. 39 at 2. On March 25, 1998, the District Judge dismissed the 1997 Federal Petition without prejudice. Id., Dkts. 17; 18.

Thereafter, Petitioner sought reconsideration of that dismissal. Chacon, Case No. 2:97-cv-08828-R-AN, Dkt. 26. He asked the Court to reinstate the 1997 Federal Petition and stay the proceedings to allow Petitioner to exhaust newly added claims in state court. Id., Dkt. 39 at 2. The claims that Petitioner sought to bring included, among others, that his conviction was "obtained in violation of [P]etitioner's right to due process as a result of the evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id., Dkt. 35, Ex. A [proposed amended petition], at 37. On November 24, 1998, the District Judge granted the motion for reconsideration and reconfirmed the judgment dismissing the action without prejudice. Id., Dkt. 39. The Court held that (1) it lacked discretion to stay the exhausted claims in Petitioner's proposed "mixed" habeas petition; and (2) in the event that it had such discretion, it declined to stay the petition to allow Petitioner to exhaust new claims in state court. Id. at 3-6.

Petitioner filed a notice of appeal on or about December 21, 1998. Chacon, Case No. 2:97-cv-08828-R-AN, Dkt. 40. On November 16, 2001, the Ninth Circuit Court of Appeals issued an opinion affirming the dismissal of the 1997 Federal Petition. See Chacon v. Lindsey, Case No. 99-55276 (9th Cir. Nov. 16, 2001). It concluded that the Court had erred in concluding that it lacked discretion to stay the case, but did not abuse its discretion in refusing to stay the case to hold the 1997 Federal Petition in abeyance. Id. at 2. The unexhausted claims were not the result of newly discovered evidence, but arose from facts which Petitioner knew or should have known when he filed the 1997 Federal Petition. Id. The Ninth Circuit's mandate was filed in the district court on December 20, 2001. Chacon, Case No. 2:97-cv-08828-R-AN, Dkt. 47.

/ / /

### 2.    1999 Federal Petition.

During the pendency of the 1997 Federal Petition appeal, Petitioner filed a second federal habeas petition on or about February 3, 1999 (the "1999 Federal Petition"). See Chacon v. Doe, et al., Case No. 2:99-cv-01173-R-AN (C.D. Cal. 1999). On April 21, 1999, the District Judge dismissed the 1999 Federal Petition without prejudice on the grounds that the 1997 Federal Petition remained on appeal at that time in the Ninth Circuit. Id., Dkt. 7.

## D.    **2017 State Court Petitions.**

In 2017, evidently in anticipation of the instant Petition, Petitioner filed three additional state habeas petitions, each seeking relief from his conviction. The first petition, filed with the Los Angeles County Superior Court on April 18, 2017, was denied on April 28, 2017 as "untimely and wholly lacking in merit." (Dkt. 1 at 29-41; In re Chacon, Case No. BA036027 (Los Angeles County Superior Court Apr. 28, 2017).) The second petition, filed with the California Court of Appeals on June 1, 2017, was summarily denied on June 7, 2017. (Dkt. 1 at 18-27; In re Chacon, Case No. B282866 (Cal. Ct. App. 2017).) The third petition, filed with the California Supreme Court on July 3, 2017, was denied on August 30, 2017, with citations to In re Robbins, 18 Cal.4th 770, 780 (1998) and In re Clark, 5 Cal.4th 750, 767-769 (1993).[2] (Dkt. 1 at 9-17, 51; In re Chacon, Case No. S242915 (Cal. 2017).)

## E.    **The Instant Petition.**

The instant Petition, dated September 11, 2017, raises two grounds for relief. (Dkt. 1 at 5.) The first states "Petitioner is requesting extraordinary relief from the sentencing courts as to his 226 years imposed sentence. See Ground One (Factual Innocence)." (Id.) The second states "[t]he decision of both lower courts is contrary to, and involves an unreasonable application of both state and federal law. See Ground Two." (Id.) Both of Petitioner's bases for relief cite as supporting facts "Exhibit A," which appears to be Petitioner's 2017 habeas petition to the California Supreme Court. (Id. at 10-16.) Also attached to the Petition are Petitioner's 2017 habeas petitions to the Los Angeles County Superior Court and the California Court of Appeals. (Id. at 21-27; 33-40.)

Favorably construing the Petition to incorporate each of these petitions, it appears that the crux of Petitioner's argument is that evidence presented at trial in 1994 is insufficient to support his convictions. In that regard, he asserts:

- "The facts and evidence are severely flawed in so many aspects, as such, the actual and plain truth has never came out. [¶] There is (was) just too many inconsistencies for any proper fact-finding." (Dkt. 1 at 14.)

---

[2] In re Robbins, 18 Cal.4th at 780, provides that courts will not entertain untimely habeas claims. In re Clark, 5 Cal.4th at 767-769, addresses successive claims.

- "Here … there was just too many conflicting stories (for no better word) and clearly some accountability has to be given to the evidence which exonerates [P]etitioner …. Petitioner has presented all of these factor's to the Superior Court, and it's failure to consider all of the facts in this instance is conclusive that further review needs to be conducted …." (Dkt. 1 at 24-25.)

- "[Petitioner] never participated in any rape, oral copulation or s[o]domy acts in concert or otherwise …. [His] only crime was that of consensual sex with Karla and [his] actions in this instance were that to secure drugs so that we could have sex." (Dkt. 1 at 35-36.)

## III.    THE PETITION APPEARS UNTIMELY.[3]

### A.    <u>Legal Standard</u>.

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to cases filed after its effective date of April 24, 1996). AEDPA provides as follows:

> **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;*
>
>     **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] 28 U.S.C. § 2244(b) bars a petitioner from filing second or successive habeas corpus applications without authorization from the circuit court. As explained above, Petitioner previously filed the 1997 and 1999 Federal Petitions in Central District of California. However, "a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition as that term is understood in the habeas corpus context." <u>Slack v. McDaniel</u>, 529 U.S. 473, 478 (2000). In this case, neither the 1997 nor 1999 Federal Petitions were adjudicated on the merits, but rather, were dismissed for procedural reasons (i.e., respectively, for failure to exhaust and due to pendency of an appeal). Therefore, it does not appear that the instant Petition is successive.

      **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

      Here, Petitioner's direct appeal to the California Supreme Court concluded on August 14, 1996. "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court." Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010); see also Bowen v. Roe, 188 F.3d 1157, 1160 (9th Cir. 1999) (starting AEDPA clock 90 days after California Supreme Court denied petition for review). Because it does not appear that Petitioner sought review by the United States Supreme Court on direct appeal, his one-year AEDPA limitations period began running 90 days after August 14, 1996, i.e. on November 12, 1996. Absent tolling, his AEDPA deadline therefore would have expired one year later on November 12, 1997.

      **B.**     **<u>Tolling Based On Prior Petitions</u>.**

      Petitioner did not file a federal habeas petition before November 12, 1997. He did, however, file a series of state court habeas petitions between March 1997 and May 1997. The California Supreme Court denied the last one in August 1997. Petitioner then filed his first federal petition on or about December 1, 1997. AEDPA's statute of limitations is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending …." 28 U.S.C. § 2244(d)(2). The United States Supreme Court has interpreted this language to mean that AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. Carey v. Saffold, 536 U.S. 214, 219-21 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

      The Court will presume—without deciding at this stage—that AEDPA's statutory tolling provisions rendered Petitioner's 1997 Federal Petition timely based on tolling arising from his 1997 state court habeas filings. Proceedings related to the 1997 Federal Petition petition concluded in late 2001, when the Ninth Circuit issued an opinion and mandate affirming dismissal. (In the interim, the 1999 Federal Petition had also been filed and dismissed.) Based on those proceedings,

Petitioner's AEDPA deadline arguably could have been tolled until late 2001.

Thereafter, though, it appears that over 15 years passed before Petitioner again began filing state habeas petitions in April 2017. He did not file the instant federal Petition until September 2017, nearly 16 years after the 1997 Federal Petition appeal concluded. Petitioner makes no showing that he is entitled to statutory tolling during that period, which far exceeds AEDPA's one year limitations period. Accordingly, the Petition appears facially untimely.

### C.     Alternative Start Date / Equitable Tolling.

Moreover, Petitioner does not appear to claim entitlement to (1) an alternative starting state for the AEDPA limitations period under 28 U.S.C. § 2244(d); or (2) equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010) (equitable tolling available where a petitioner shows that he has been "pursuing his rights diligently" and "some extraordinary circumstances stood in his way" to prevent timely filing). Petitioner does not assert, for example, (1) that a state-created "impediment" barred him from filing the Petition, see 28 U.S.C. § 2244(d)(1)(B); (2) that the United States Supreme Court recognized a relevant new constitutional right, see id. § 2244(d)(1)(C);[4] or (3) that he could not have earlier discovered the factual predicate of his claims. See id., § 2244(d)(1)(D). To the contrary, Petitioner demonstrated an ability to file a number of habeas petitions in the late 1990s, and earlier sought to raise arguments regarding the sufficiency of evidence, including in connection with his 1997 Federal Petition. Moreover, Petitioner has not alleged "extraordinary circumstances" rendering him unable to timely file the Petition and entitling him to equitable tolling. Therefore, it does not appear that the Petition's untimeliness would be excused on other statutory grounds or on the basis of equitable tolling

### D.     Actual Innocence.

Although Petitioner does not appear to claim statutory tolling, he does assert "factual innocence" as a basis for relief. (Dkt. 1 at 5.) In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court held that a habeas petitioner who presents newly discovered evidence showing he is "actually innocent" of the crimes of which he was convicted can overcome a procedural default and have his constitutional claims considered on the merits. Id. at 327. The Supreme Court further held in Schlup that, "[t]o be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be

---

[4] In his motion for appointment of counsel, Petitioner references the case Harrington v. Richter, 562 U.S. 86 (2011), written after his conviction, for the proposition that an ineffective assistance of counsel ("IAC") claim became more "pre-obtainable" after the Supreme Court held that IAC claims "must now also give deference to AEDPA." (Dkt. 2 at 4.) While Petitioner's argument on this point is unclear, he appears to contend that Harrington made it more difficult to assert a claim for IAC, not that the case recognized a new constitutional right for timeliness purposes. In any event, Harrington was decided in 2011, more than a year before Petitioner initiated this action.

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. at 324. Actual innocence is not established merely by "showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." Id. at 329. Thus, a petitioner must present reliable evidence showing "that a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 327.

In McQuiggin v. Perkins, 569 U.S. 383 (2013), the Supreme Court held that a showing of actual innocence under Schlup may also overcome AEDPA's statute of limitations bar. The Court explained that a petitioner's unjustified or unexplained delay in presenting the newly discovered evidence "bears on the determination whether the petitioner has made the requisite showing." Id. at 399.

In this case, Petitioner has not presented any "new reliable evidence" demonstrating his actual innocence. Instead, the Petition asks the Court to re-weigh the evidence presented at trial. (See Dkt. 1 at 24 ("Petitioner understands a court['s] reluctance to extend post-conviction [relief] after a jury has found him guilty …. This however does not give a reviewing court the power to not consider all of the facts in their decision-making process post-review.").) This does not suffice to satisfy Schlup's demanding actual innocence standard. See Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note … that 'actual innocence' means factual innocence, not mere legal insufficiency."); Offley v. Harrington, 11-cv-10098-VBF-MAN, 2014 U.S. Dist. LEXIS 147488, at *5 (C.D. Cal. Feb. 10, 2014) ("A challenge to the sufficiency of the prosecutor's evidence at trial is not a showing of actual innocence." (citations omitted)). The actual innocence exception therefore does not appear to provide a basis to excuse the Petition's untimeliness.

## IV.     CONCLUSION AND ORDER.

Based on the above, this action appears subject to dismissal under Rule 4, which provides that a judge must "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition…." Petitioner is therefore ordered to show cause why this action should not be dismissed as untimely by filing a written response *on or before January 31, 2018*. Information relevant to the Court would include any facts tending to show that Petitioner is entitled to (1) statutory or equitable tolling of AEDPA's limitations period; (2) an alternative starting date for the limitations period under 28 U.S.C. § 2244(d)(1)(B), (C), or (D); or (3) a finding of actual innocence based on new reliable evidence not presented at trial—which could include exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.

Instead of filing a response to this Order, Petitioner alternatively may request a voluntary dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The Clerk of Court will attach a Notice of Dismissal form. The Court warns that dismissed claims, if later re-filed, may be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1) quoted above. The Court further warns Petitioner that failure to timely file a response to this Order will result in

the Court dismissing this action based upon untimeliness. See Fed. R. Civ. P. 41(b).

        The Court denies without prejudice Petitioner's request for appointment of counsel. (Dkt. 2.) Habeas Rule 8(c) and 18 U.S.C. § 3006A(a)(2)(B) empower the Court to appoint counsel at any stage of a habeas proceeding for a financially eligible person if "the interests of justice so require." The decision to appoint counsel generally is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). The Court evaluates both Petitioner's likelihood of success on the merits and his ability to articulate his claims pro se in light of the complexity of the legal issues involved. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Given Petitioner's demonstrated ability to articulate his claims, and the apparent untimeliness of the Petition, appointment of counsel is not warranted at this time.

                                                                                                     Initials of Deputy Clerk JD